Richard A. ALFEGO, et al., Plaintiffs, Appellants,

v.

EXECUTIVE BOARD OF LOCAL NO. 143 OF the AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA, et al., Defendants, Appellees.

No. 83–1879.

United States Court of Appeals, First Circuit.

Argued June 7, 1984.
Decided Nov. 6, 1984.

Robert Weihrauch, Worcester, Mass., for plaintiffs, appellants.

Harry Zarrow, Worcester, Mass., with whom Yagjian, Zarrow, George, Lian & Fox, Worcester, Mass., was on brief, for defendants, appellees.

Before BOWNES and BREYER, Circuit Judges, and DOYLE,* Senior District Judge.

JAMES E. DOYLE, Senior District Judge.

This action was brought under the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 412, for an injunction compelling plaintiffs-appellants' reinstatement as members of defendant Local No. 143. Their membership had been suspended, they alleged, "for failure to pay a ... fine assessed by the local on May 3, 1982," following a finding by the executive board of the Local that they had violated certain provisions of its constitution and bylaws. Article XII, Section 7 of these bylaws provides for an appeal to the International Executive Board of the defendant Federation:

> PROVIDED the member gives notice of appeal in writing to the Local secretary within THIRTY DAYS from the date of notification, and the appeal is forwarded to the National Secretary of the A.F. of M. not later than two weeks from the date of notification. Any fine imposed must be paid to the [Local] to be held pending appeal.

The district court dismissed the present action on the ground that plaintiffs had commenced it without having availed themselves of this opportunity for Federation review of the Local's decision.

The LMRDA provides, 29 U.S.C. § 411(a)(4), that in its discretion a district court may decline to entertain an action of this sort unless and until plaintiffs have exhausted reasonable hearing procedures within the union. In this case, the district court recognized that: only the court and not the union can require such exhaustion; whether to require exhaustion is discretionary, case by case; and there are circumstances in which exhaustion should not be required. It evaluated the particular circumstances present here, exercised its discretion, and declined to entertain the case in the absence of exhaustion.

We cannot say that the district court abused its discretion.

## I.

Obviously, it would have been inappropriate for the district court to determine the merits of the underlying controversy in the course of deciding whether to require exhaustion of union remedies, and it would be even less appropriate for us to do so. However, plaintiffs' entire contention on appeal is that the error in the Local's decision was so egregious and impaired rights so fundamental as to require prompt judicial intervention. They contend that: the trespass and deceit of which they were accused had not been proscribed with reasonable clarity by the union bylaws; the trespass and deceit charged are not permissible subjects for union rules and discipline, because they pose no threat to the union's existence or function; and the evidence received in the course of the hearing before the executive board of the Local did not support its findings and showed plaintiffs had engaged simply in meeting with other union members and expressing their views, arguments, and opinions, as they were entitled to do under 29 U.S.C. § 411(a)(2).

Plaintiffs had submitted a motion for partial summary judgment on the issue of defendants' liability.[1] In the course of denying it, the court determined that: the

---

* Of the Western District of Wisconsin, sitting by designation.

1. Plaintiffs have appealed only from the district court judgment granting defendants' motion to dismiss. In this court they contend that their motion for summary judgment should have been granted. Because we affirm dismissal of the action, we do not reach the question of the appealability of the denial of plaintiffs' motion for summary judgment, or the merits of that denial.

bylaws were not too vague; there was evidence before the Local board showing trespass and deceit; and the circumstances of the trespass and deceit bore on the ability of other union members to rehearse for a performance they had contracted to give. It is unnecessary for us to decide whether these determinations were correct. It is enough that the plaintiffs failed to make a showing to the contrary sufficiently strong to require that they be afforded access to the court without exhaustion of union remedies. Congressional authorization to courts to impose the exhaustion requirement springs from practical considerations. If the Federation were to vacate the Local's decision, there would be no need of judicial action. If the Federation were to affirm, the reviewing court would likely enjoy some amplification of the union's reasons for imposing the fine.

## II.

In their brief and oral argument in this court, plaintiffs concede they failed to comply with the requirements of Article XII, Section 7 of the bylaws on the matter of appeal to the Federation. Nevertheless, because this fact, if it is a fact, constitutes the very basis for the district court's decision and our affirmance, we make note that: (a) the factual record on the point is obscure; and (b) it is unclear how the district court arrived at its decision to dismiss.

## III.

The complaint filed in the district court on June 29, 1982, alleges that on or about May 5, 1982, plaintiffs had appealed to the Federation from the Local's May 3, 1982 findings in the disciplinary proceeding against plaintiff, and plaintiffs had not been contacted by the Federation as to the status of their appeal. The complaint alleges, also, that on about June 14, 1982 plaintiffs were suspended for failure to pay the $500 fine assessed by the Local on May 3, 1982. It does not allege whether the fine had or had not in fact been paid. The Federation's motion to dismiss for improper service in the federal court action, and

its brief in support of that motion and in opposition to a motion by plaintiffs for a temporary restraining order, both filed September 13, 1982, make no reference to a failure to appeal the Local's decision. However, the grounds for the Local's motion to dismiss, filed September 17, 1982, included an allegation that plaintiffs had failed to exhaust their administrative remedies within the union. The Local's motion is supported by an affidavit by the secretary-treasurer of the Local, dated September 16, 1982, alleging that he had received no notice of any appeal, as required by Act XII, sec. 7 of the bylaws, and that other members of the executive board had informed affiant they had received none.

In an unsworn memorandum filed September 27, 1982, opposing the Local's motion to dismiss, then counsel for plaintiffs represented that: plaintiffs had duly filed their notice of appeal; they had had no word from the Federation since the date of filing; the Federation had failed to notify them of a date for a hearing on their appeal; and, although the Local had suspended plaintiffs "for non payment of excessive fines," the Local had failed to follow its own procedures by failing to return to plaintiffs "the due [sic] which the the [sic] defendant local states that it has."

In affidavits dated October 1, 1982 and filed October 13, 1982 in support of their motion for a temporary restraining order, each plaintiff swore that soon after the May 3, 1982 decision by the Local, a notice of appeal had been filed with both the Local and the Federation, but that no action had been taken by the Federation on the appeal. Each of these affidavits stated that a copy of the notice of appeal was attached, and attached to each is a copy of a typewritten undated "notice of appeal" from the Local's ruling of May 3, 1982 bearing the plaintiffs' typed signatures "by" their then counsel, but showing no handwritten signature of either of the plaintiffs or of their then counsel.

Also, to his affidavit of October 1, 1982, each plaintiff attached a letter to him from

the president of the Local, dated June 14, 1982, reading as follows:

> We regret to inform you that you are hereby suspended from this Local for non-payment of the $500.00 fine as stated in our letter of May 3, 1982. Your dues for calendar year 1982 in the amount of $38.00 are hereby refunded. Your fine in the amount of $500.00 together with the refunded dues of $38.00 must be paid to this local within 90 days from the date of the letter otherwise you are expelled from this Local. ·

Each affidavit alleged that the check for $38 had never been received by plaintiff.

On October 12, 1982, defendant Federation filed an answer to the complaint; in its answer, the Federation denied that plaintiffs had appealed the Local's decision and raised as an affirmative defense that plaintiffs had failed to exhaust their intra-union remedies.

On October 25, 1982, following a substitution of counsel, plaintiffs' present counsel filed a supplementary brief in opposition to the motion to dismiss for failure to exhaust union remedies. The argument portion of that brief commences: "Even assuming for the purpose of this discussion only that the plaintiffs failed to comply literally and/or substantially with those provisions requiring exhaustion of intra union remedies. . . ."

On December 1, 1982, plaintiffs were granted leave to amend their complaint in certain respects, and did so, but did not amend the original allegation that on May 5, 1982 they had appealed from the Local's decision. The amendments to the complaint included new allegations to the following effect:

> On October 20, 1982 plaintiff Padden sought advice from the Federation on the procedure for obtaining reinstatement. Pursuant to the advice received, plaintiff Padden on October 20, 1982, and plaintiff Alfego on about October 21, 1982, sought reinstatement by tendering payment of the $500 fines to the Local, together with covering letters stating that the payments were "to be placed in an escrow

account, pending an appeal (to effect my immediate reinstatement)." The covering letters stated also that dues for calendar year 1982 had never been refunded. On October 20, 1982, the secretary-treasurer of the Local provided plaintiff Padden with a receipt for the $500 fine payment, with the notation: "to be held in escrow pending appeal as stated in letter dated 10/20/82." A similar receipt to plaintiff Alfego, dated October 21, 1982 bore the notation: "To [be] held in escrow pending appeal to the International Exec. Bd." In a letter to both plaintiffs dated October 25, 1982, the secretary-treasurer of the Local stated: "[P]lease be advised that neither of you have Union status merely because of the payment of the $500.00 fine, which is held in escrow. Until the National Office sustains or other favorable action is taken on your appeal you do not have Union status as a member of this Local."

In a brief in support of plaintiffs' motion for summary judgment, filed December 20, 1982, counsel for plaintiffs represents that in response to the May 3, 1982 decision by the executive board of the Local: "The plaintiffs failed to pay the fine and were suspended on June 14, 1982. On September 14, 1982, the plaintiffs were notified that their 'suspension' was converted to 'expulsions.'" In a brief in opposition to plaintiffs' motion for summary judgment, counsel for the Local represented that: plaintiffs had been notified of their right to appeal and the deadlines for appeal and for payment of the fine, by letters from the Local dated May 3, 1982; plaintiffs had filed no appeal as of September 16, 1982; plaintiffs were suspended June 14, 1982 and expelled September 14, 1982; and the fines had not been "rendered" until October 20 and 21, 1982.

## IV.

The district court ruled from the bench on October 21, 1983. It denied plaintiffs' motion for summary judgment. It denied defendants' motions to dismiss for insufficiency of process. It then turned to de-

fendants' motion to dismiss for plaintiffs' failure to exhaust union remedies, describing it as a motion under Fed.R.Civ.P. 12(b)(1), going to an absence of subject matter jurisdiction. The court observed that plaintiffs had made no showing that an appeal to the Federation would have been futile. It expressed its awareness that under 29 U.S.C. § 411(a)(4), only courts rather than unions can impose the exhaustion requirement, it is discretionary with courts whether to impose it, and there can be circumstances in which it should not be imposed. The court observed that "all the grounds upon which the plaintiffs base their cause of action have failed to survive the scrutiny of the Court in the context of their Motion for Summary Judgment." The court concluded with these remarks: "Moreover, my review of the pleading has led me to the inescapable conclusion that none of the allegations made by the plaintiffs in their complaint are supportable. I, therefore, order this case to be dismissed for failure to exhaust internal Union remedies and for failure to state a claim upon which relief may be granted in the Federal Rules of Civil Procedure 12(b)(6) and 56."

The judgment entered October 21, 1983 by the clerk of court is that "it is ordered and adjudged that judgment be entered for the defendants, the Court having granted the defendants motions to dismiss this date from the bench."

### V.

The district court's reference to Rule 12(b)(6) suggests the possibility that it did not decline to entertain the case for failure to exhaust union remedies, but rather entertained the case on its merits and dismissed because the complaint failed to state a claim upon which relief could be granted. Its reference to Rule 56 suggests a similar possibility: that it was treating defendants' motions to dismiss as if they were motions for summary judgment on the merits of plaintiffs' attempted lawsuit, entertaining the lawsuit on its merits, looking to undisputed facts outside the complaint, and deciding that defendants should

prevail on the factual merits. However, taking the order in its full context, we have concluded that the basis for decision was that the district court chose to impose an exhaustion requirement and that it determined, by implication, that there had been no exhaustion.

It seems unlikely this latter determination was arrived at simply by looking to the allegations of the complaint and the amended complaint. More likely it was arrived at by deciding not to exclude matters outside the complaint which were submitted by defendants and perhaps those submitted by plaintiffs. We have set forth above everything we can find in those factual submissions that bears on whether union remedies were exhausted.

### VI.

It is uncertain from this record whether notices of appeal to the Federation were timely filed by plaintiffs under Art. XII, Sec. 7 of the bylaws. It seems rather clear that the fines were not paid until about 5½ months after the Local's decision imposing them. Art. XII, Sec. 7 is not explicit that payment of the fine is an absolute condition to maintenance of an appeal to the Federation, although the Local appears to have construed it to impose payment within 30 days as a pre-condition. These points of fact and of construction of the bylaws appear to have been left unexplored in the district court, and they have not been addressed in this court.

Nevertheless, both in brief and oral argument in this court, counsel for plaintiffs-appellants has flatly represented that the appeal provisions of Art. XII, Sec. 7 had not been complied with before the present suit was commenced. Our holding rests in square reliance on this representation.

The judgment of the district court, entered October 21, 1983 is affirmed.